IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02763-GPG-KAS

**C.B.;**
**R.C.;**
**J.E.;**
**S.H.;**
**A.H.;**
**A.H.;**
**M.J.;**
**J.L.;**
**M.N.;**
**E.P.;**
**S.R.;**
**M.S.;**
**A.S.;**
**N.T.;**
**K.T.;**
**R.W.;**
**I.W.**; and
**J.W.**

       Plaintiffs, in their individual capacities and on behalf of all others similarly situated,

v.

**EDWARD ABER**, in his individual and official capacities as Jail Commander of the La Plata County Jail;
**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA**;
**JACOB HARRIS**, in his individual capacity;
**MICHAEL SLADE**, in his individual capacity; and
**SEAN SMITH**, in his official capacity as Sheriff of La Plata County;

       Defendants.

_____

**PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND TO SET A BRIEFING SCHEDULE FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
_____

1

Plaintiffs, by and through their attorneys at RATHOD | MOHAMEDBHAI LLC and JOHN BAXTER ATTORNEY AT LAW, respectfully move the Court to consolidate this case, Civil Action No. 25-cv-02763-GPG-KAS, with a related case, Civil Action No. 25-cv-02531-KAS. Plaintiffs additionally request that, upon consolidation, the Court set a briefing schedule for appointment of interim class counsel.[1]

## I.   BACKGROUND

On September 3, 2025, Plaintiffs filed claims against Defendants Edward Aber, Board of County Commissioners of the County of La Plata, Jacob Harris, Michael Slade, and Sean Smith (collectively, the "Defendants"), on behalf of themselves and all others similarly situated, arising out of Commander Aber's abuse towards female individuals detained in the La Plata County Jail. *See* ECF 1. Specifically, Plaintiffs allege that, over the course of at least five years, Jail Commander Aber abused his access to the Jail's evidence database system and viewed strip search videos depicting at least 115 different female inmates, including the Plaintiffs, for his own personal sexual gratification. *Id*. at ¶¶ 34, 90-98.

On September 3, 2025, Plaintiffs filed a notice of related cases, identifying that *Hiehle et al., v. Aber, et al*., Civil Action No. 25-cv-02531-KAS (the "*Hiehle* case") is a related case in this District. ECF 2. Both cases involve common defendants (1) Edward Aber, (2) the Board of County

---

[1] **Certification Pursuant to Local Rule 7.1**: On September 15, 2025, Plaintiffs conferred with counsel for Defendants Smith, Harris, Slade, and the Board of County Commissioners in these actions and they do not oppose the motion to consolidate. Counsel for Defendants Smith, Harris, Slade, and the Board of County Commissioners take no position on the portion of the motion regarding a proposed briefing schedule for appointment of interim class counsel. On September 17, 2025, Plaintiffs additionally conferred with counsel for the plaintiffs in Civil Action No. 25-cv-02531-KAS and they do not oppose the motion.

Commissioners of the County of La Plata,[2] (3) Jacob Harris, (4) Michael Slade, and (5) Sean Smith, as well as common claims under 42 U.S.C. § 1983 and Colo. Rev. Stat. § 13-21-131 arising from common facts. *Id*. Specifically, the *Hiehle* case likewise alleges that, for five years, Commander Aber "accessed and viewed strip search videos of at least 117 different female inmates thousands of times" for his own sexual gratification. Civil Action No. 25-cv-02531-KAS, ECF 1 at ¶¶ 1-2.

Both cases seek to represent overlapping classes of individuals who were detained in the La Plata County Jail between February 14, 2019, and July 14, 2024, and whose strip search videos were viewed by Commander Aber. *Compare* ECF 1 at ¶¶ 163-166 (proposed class and subclass definitions in this action), *with* Civil Action No. 25-cv-02531-KAS, ECF 1 at ¶ 23 (proposed class definition in the *Hiehle* case).

## II.     CONSOLIDATION OF CASES

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision whether to "consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court." *Airquip, Inc. v. HomeAdvisor, Inc*., No. 16-cv-01849-PAB-KLM, 2018 WL 11189605, at *1 (D. Colo. Nov. 20, 2018) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Id*. (quoting *Breaux v. American Family Mut. Ins. Co*., 220 F.R.D. 366, 367 (D. Colo. 2004)). Courts consider "both judicial

---

[2] Although the complaint in the *Hiehle* case names "La Plata County, Colorado" as a defendant, the proper name for this defendant is "The Board of County Commissioners of the County of La Plata." *See* Colo. Rev. Stat. § 30-11-105.

economy and fairness to the parties" in deciding whether consolidation is appropriate under Rule 42(a). *Id*. (citing *Harris v. Illinois-California Express, Inc*., 687 F.2d 1361, 1368 (10th Cir. 1982)).

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 584 U.S. 59, 70 (2018); *see also Cooper Clark Found. v. Oxy USA Inc*., 785 F. App'x 579, 581 (10th Cir. 2019) (noting that, "under Rule 42, consolidation is not equivalent to merger and consolidated cases do not lose their separate identities because of consolidation").

The Court should consolidate this action with the *Hiehle* case because both cases are putative class actions involving common questions of fact and law. For example, both cases arise out of Commander Aber's abuse of the evidence database system to view strip search videos of female inmates for his own sexual gratification. *Compare* ECF 1 at ¶¶ 34, 90-98, *with* Civil Action No. 25-cv-02531-KAS, ECF 1 at ¶¶ 1-2. Both cases seek to represent overlapping classes of individuals who were detained in the La Plata County Jail between February 14, 2019, and July 14, 2024, and whose strip search videos were viewed by Commander Aber. *Compare* ECF 1 at ¶¶ 163-166, *with* Civil Action No. 25-cv-02531-KAS, ECF 1 at ¶ 23. Additionally, both cases involve common questions of law because each action asserts claims under 42 U.S.C. § 1983 for unreasonable search under the Fourth Amendment, violation of substantive due process under the Fourteenth Amendment, and violation of equal protection under the Fourteenth Amendment. *Compare* ECF 1 at 32-36, *with* Civil Action No. 25-cv-02531-KAS, ECF 1 at 16-19. Both cases likewise assert claims under Colorado law, pursuant to Colo. Rev. Stat. § 13-21-131, for unlawful search, violation of substantive due process, and violation of equal protection. *Compare* ECF 1 at 44-47, *with* Civil Action No. 25-cv-02531-KAS, ECF 1 at 23-26.

Moreover, consolidation would also serve the interests of judicial economy and fairness to the parties. Consolidating the cases would conserve judicial resources and avoid inconsistent rulings on the same issues of fact and law. *See HomeAdvisor, Inc.*, 2018 WL 11189605, at *2 (holding that two putative class action cases should be consolidated to conserve judicial resources and avoid inconsistent rulings); *see also Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo. Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in three different cases.").

Furthermore, no party would be prejudiced by consolidation of these actions. Both cases were recently filed in the District and have not had scheduling conferences yet. No defendant has yet responded to either complaint. Thus, consolidation would not result in unfairness to any party because both cases are at the same early procedural stage. *Cf. Hutchins v. Bd. of Cnty. Commr's of Larimer Cnty., Colorado*, No. 23-cv-01819-PAB-TPO, 2025 WL 1927983, at *2 (D. Colo. July 14, 2025) (declining to consolidate where two cases were at "significantly different procedural stages," with one case set for trial in two weeks and the other case still in active discovery). Moreover, "defendants stand to benefit from responding to filings" in one consolidated case, rather than two separate cases. *See Skaggs*, 2009 WL 458682, at *2.

As a result, pursuant to Fed. R. Civ. P. 42(a), the Court should exercise its authority and consolidate this action with the *Hiehle* case. *See HomeAdvisor, Inc.*, 2018 WL 11189605, at *2.

### III. BRIEFING SCHEDULE FOR APPOINTMENT OF INTERIM CLASS COUNSEL

Rule 23(g) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P.

5

23(g)(3). Plaintiffs intend to file a motion for appointment of interim class counsel. Given that this case and the *Hiehle* case both assert claims on behalf of a similar putative class, Plaintiffs request that the Court set a briefing schedule for appointment of interim class counsel. Setting a briefing schedule for appointment of interim class counsel would ensure fairness, clarity, and judicial efficiency. Specifically, Plaintiffs request that the Court order any interested party to file a motion for appointment of interim class counsel within three weeks of the Court's order on the motion to consolidate.

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to consolidate this case, Civil Action No. 25-cv-02763-GPG-KAS, with a related case, Civil Action No. 25-cv-02531-KAS. Additionally, the Court should order any interested party to file a motion for appointment of interim class counsel within three weeks of the Court's decision on the motion to consolidate.

Respectfully submitted this 17th day of September 2025.

*/s Katie Wiese Valiant*
Katie Wiese Valiant
Siddhartha Rathod
Qusair Mohamedbhai
Felipe Bohnet-Gomez
Omeed M. Azmoudeh
Virginia Hill Butler
Neil Sandhu
kw@rmlawyers.com
sr@rmlawyers.com
qm@rmlawyers.com
fbg@rmlawyers.com
oa@rmlawyers.com
vb@rmlawyers.com
ns@rmlawyers.com
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence St., Suite #100

/s John Baxter
John Baxter
JOHN BAXTER ATTORNEY AT LAW
1099 Main Ave., Suite 500
Durango, Colorado 81301
(970) 903-9578
baxterlaw@gmail.com

*Counsel for Plaintiffs*