IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02763-GPG-KAS

C.B.;
R.C.;
J.E.;
S.H.;
A.H.;
A.H.;
M.J.;
J.L.;
M.N.;
E.P.;
S.R.;
M.S.;
A.S.;
N.T.;
K.T.;
R.W.;
I.W.; and
J.W., individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

EDWARD ABER, in his individual and official capacity as Jail Commander of the La
Plata County Jail;
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA;
JACOB HARRIS, in his individual capacity;
MICHAEL SLADE, in his individual capacity; and
SEAN SMITH, in his official capacity as Sheriff of La Plata County,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on Defendant Edward Aber's **Motion for Extension
of Time to File Responsive Pleading** [#33] (the "Motion"). Defendant Edward Aber

("Aber") contends that Plaintiffs served him on September 5, 2025, and his responsive pleading was therefore due on September 26, 2025. *Motion* [#33] at 1. He requests a 30-day extension to file his responsive pleading, until November 17, 2025, because he is actively seeking counsel. *Id.* at 2. However, Defendant Aber's Motion demonstrates his confusion about deadlines.

In this case, Plaintiffs served Defendant Aber on Sunday, September 7, 2025. *See Returned Summons* [#20]. Therefore, his deadline to answer or otherwise respond to the operative complaint elapsed on Monday, September 29, 2025, the first weekday following the standard 21-day response period. This Motion [#33] was filed on October 20, 2025, nearly one month after his responsive pleading deadline. However, Defendant Aber's apparent misunderstanding of deadlines may be due to his confusion involving a separate but related case, Case No. 25-cv-02531-GPG-KAS, and a pending motion to consolidate that case with this one. *See Motion* [#33] at 1; *Notices of Filing Motions to Consolidate* [#27, #28].

Pursuant to Rule 6(b)(1)(B), the Court may, for good cause, extend the time "on [a] motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "A finding of excusable neglect under Rule 6(b) requires both a demonstration of good faith by the party seeking the enlargement, as well as a finding that there was a reasonable basis for not complying within the specified period." *See Halik v. Brewer*, No. 21-cv-00508-PAB-MDB, 2022 WL 16792219, at *2 (D. Colo. Nov. 8, 2022). To determine whether neglect is "excusable," courts consider the following factors: (1) the danger of prejudice to the nonmoving party, (2) the length of delay and its impact on proceedings, (3) the reason for delay, and (4) whether the movant acted in good faith. *Id.*

Here, Defendant Aber, a pro se litigant, has confused certain deadlines and extensions with the related case. There is no evidence of bad faith. As evidenced by his filings in the related case, Defendant Aber is attempting to comply with deadlines and request extensions as needed. The Court does not find that granting an extension of the responsive pleading deadline in the instant case will prejudice Plaintiffs. Indeed, Plaintiffs do not oppose an extension, at least through November 3, 2025. *Motion* [#33] at 2. Further, such an extension will not impact the proceedings because no scheduling order has been entered. Ultimately, the Court finds that there was a reasonable basis for Defendant Aber's failure to timely act, and that he has demonstrated good faith in seeking the instant extension. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#33] is **GRANTED**. Defendant Aber's deadline to answer or otherwise respond to the operative complaint is extended to **November 17, 2025**.

Dated: October 21, 2025