IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02531-GPG-KAS
    Consolidated with Civil Action No. 25-cv-02763-GPG-KAS

---

Civil Action No. 25-cv-02531-GPG-KAS

TERRIANNE PAIGE HIEHLE, in her individual capacity and on behalf of all others similarly situated;
KATRINA LILE, in her individual capacity and on behalf of all others similarly situated; and
KIMBERLI LASHAWAY, in her individual capacity and on behalf of all others similarly situated,

    Plaintiffs,

v.

EDWARD ABER, in his individual capacity and official capacity as Jail Commander of the La Plata County Jail;
LA PLATA COUNTY, COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
SEAN SMITH, in his individual capacity and official capacity as Sheriff of La Plata County;
MICHAEL SLADE, in his individual capacity;
JACOB HARRIS, in his individual capacity; and
JOHN/JANE DOES #1-10, in their individual capacities,

    Defendants.

---

Civil Action No. 25-cv-02763-GPG-KAS

C.B.;
R.C.;
J.E.;
S.H.;
A.H.;
A.H.;
M.J.;
J.L.;
M.N.;
E.P.;
S.R.;

M.S.;
A.S.;
N.T.;
K.T.;
R.W.;
I.W.; and
J.W., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

EDWARD ABER, in his individual and official capacity as Jail Commander of the La Plata County Jail;
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA;
JACOB HARRIS, in his individual capacity;
MICHAEL SLADE, in his individual capacity; and
SEAN SMITH, in his official capacity as Sheriff of La Plata County,

    Defendants.
_____

### ORDER ON MOTION TO PROCEED ANONYMOUSLY USING INITIALS
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on a **Motion to Proceed Anonymously Using Initials** [#13] (the "Motion"), which was filed by Plaintiffs in Case No. 25-cv-02763 prior to consolidation ("Pre-Consolidation Plaintiffs"). The Pre-Consolidation Defendants did not file a response to the Motion [#13]. The Motion has been referred to the undersigned. *See Order Referring Motion* [#19][1]. The Court has reviewed the Motion [#13], the entire case file, and the applicable law. For the foregoing reasons, the Court **GRANTS** the Motion [#13].

---

[1] Unless otherwise noted, the docket citations refer to pre-consolidation docket entries in Case No. 25-cv-02763-GPG-KAS.

## I.  Background

In this class action lawsuit, Plaintiffs assert various constitutional and state causes of actions against Defendants. *See Compl.* [#1] at 32-51. Plaintiffs are females who were, at one point or another, incarcerated at the La Plata County Jail (the "Jail"). *Id.* at 3. According to the Complaint, during jail intake, Plaintiffs were subjected to invasive strip searches prior to entering the Jail. *Id.* at 11. During these searches, deputies visually inspected and physically manipulated all parts of Plaintiffs' bodies, including their breasts, buttocks, and genitals, ostensibly in the search of contraband. *Id.* at 12. Per Jail policy, the deputies wore and activated body cameras while they performed the strip searches. *Id.* The body camera footage was recorded and later uploaded to the Jail's internal database. *Id.*

Plaintiffs allege that Defendant Aber, in his position as Jail Commander, accessed the Jail's database and viewed recorded strip searches of approximately 115 female inmates over three thousand times. *Id.* at 15-16. Plaintiffs further allege that Defendant Aber accessed these recordings in the early hours of the morning and late at night from his own home, hotel rooms, and other non-Jail locations. *Id.* at 16-17. Plaintiffs contend that Defendant Aber accessed these recordings for his own sexual gratification. *Id.* at 17. In addition to his frequent viewing of these highly sensitive recordings, Plaintiffs also allege that Defendant Aber "would take select inmates on inappropriate excursions[,]" "visit their cells without a legitimate purpose," and "would bring them to his office to coerce them into conducting sexual acts[.]" *See id.* at 16-17. Plaintiffs bring claims against Defendant Aber for his conduct, and against the remaining Defendants for enabling such conduct. *Motion* [#13] at 3. In the Motion [#13], Plaintiffs request the Court to allow them

3

to proceed in this matter using their first and last initials. *Id.* at 8. They argue that such relief is warranted because (1) this case involves matters of a highly sensitive and personal nature, (2) the public interest in accessing Plaintiffs' identities is significantly outweighed by Plaintiffs' privacy interests, and (3) Defendants will suffer no prejudice if such relief is granted. *See id.* at 4.

## II. Applicable Law

"Lawsuits are public events." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). "Courts are public institutions which exist for the public to serve the public interest" and "secret court proceedings are anathema to a free society." *Id.* at 800. Therefore, "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Federal Rules of Civil Procedure do not contemplate party anonymity. *Zavaras*, 139 F.3d at 800. Rule 10(a) requires that a complaint "name all the parties," and under Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 10(a), 17(a); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (stating that "there is no explicit congressional grant of a right of a party to proceed anonymously"); *Coe v. U.S. Dist. Ct. for Dist. of Colo.*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names, and there are likewise no provisions for anonymous plaintiffs.").

Following these general principles, in the Tenth Circuit, plaintiffs are generally allowed to proceed anonymously only in "exceptional cases" that fall into one of three

categories: (1) cases "involving matters of a highly sensitive and personal nature"; (2) where the plaintiff is threatened with "real danger or physical harm", or (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Regents of Univ. of Colo.*, 603 F. Supp. 3d 1014, 1018-19 (D. Colo. 2022) (quoting *Zavaras*, 239 F.3d at 803). Ultimately, the decision whether to allow a plaintiff to proceed pseudonymously is within the court's sound discretion. *See Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (citing *Zavaras*, 139 F.3d at 803-04).

### III.   Analysis

**A.   Plaintiffs' Asserted Need for Anonymity**

Plaintiffs first move for anonymity because Defendant Aber's alleged sexual conduct involves a matter of "a highly sensitive and personal nature." *Motion* [#13] at 5. They also contend they will incur further psychological harm if their identities are disclosed. *Id.* at 6. Plaintiffs assert numerous claims involving serious allegations of sexual exploitation, harassment, and misconduct. The Complaint [#1] further includes allegations of physical sexual abuse involving other female inmates. For instance, at least one inmate reported that Defendant Aber approached her in her cell, pinned her up against the wall, and told her he "own[ed] her." *Compl.* [#1] at 9. The Complaint [#1] also includes an allegation from at least one female inmate that Defendant Aber harassed her in his office, and on a separate occasion, a Jail employee "discover[ed] [Defendant Aber] sitting at his desk while a female inmate crouched underneath it near his crotch." *Id.*

**1.   Matters of a Highly Sensitive and Personal Nature**

When considering what constitutes matters of a "highly sensitive and personal nature," courts in this District have permitted pseudonymous litigation under situations

5

involving, for example, "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families[.]" *Does 1 through 11 v. Bd. of Regents of Univ. of Colo.*, No. 21-cv-02637-RM-KMT, 2022 WL 43897, at *3 (D. Colo. Jan. 5, 2022) (internal quotations and citation omitted). Similarly, plaintiffs alleging that they were sexually abused as minors may often proceed pseudonymously. *See, e.g.*, *Does 1-51 v. U.S. Olympic Comm.*, No. 19-cv-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019) (collecting cases). However, courts "have generally required adult plaintiffs to proceed in their own name" even when their allegations relate to sexual assault or sexual harassment. *See, e.g.*, *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017); *Doe v. Bd. of Regents of Univ. of N.M.*, No. 20-1207 JB/JHR, 2021 WL 4034136, at *1 (D.N.M. Sept. 4, 2021) ("Doe is not a minor—a status which confers heightened anonymity protections—and the only cases Doe cites from the Tenth Circuit dealing with 'allegations of a sexual nature' involve minors."). Ultimately, the Court recognizes that "[a]llowing an adult party to proceed under a pseudonym in federal court is, by all accounts, an unusual procedure." *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *1 (D. Kan. July 12, 2018).

Plaintiffs cite many authorities to support their assertion that the allegations present a matter of a highly sensitive and personal nature. For instance, they cite to *Doe v. Boulder Valley Sch. Dist. No. RE-2*, which involved sexual misconduct and sexual assaults against minor students by an individual in a position of trust. No. 11-cv-02107-PAB, 2011 WL 3820781, at *2 (D. Colo. Aug. 30, 2011); *Motion* [#13] at 5. When they sought anonymity, at least one plaintiff was a minor, and the others had recently reached the age of majority. *Id.* at *2-3. Based on that, among other things, the court granted

6

pseudonymity, finding that the case involved matters of a highly sensitive and personal nature. *Id.* Plaintiffs further cite to *Doe v. Farmington Municipal Schools*, which involved a plaintiff who was raped on school grounds. *Doe v. Farmington Mun. Schs.*, No. 21-103 SCY/KK, 2021 WL 1390777, at *1 (D.N.M. Apr. 13, 2021); *Motion* [#13] at 5. The plaintiff was a minor at the time of the sexual assault, and the court granted anonymity because her "allegations that she was sexually assaulted as a minor clearly concern highly personal and sensitive matters." *Id.* at *3. Finally, Plaintiffs cite to *Casseaopeia v. Brown*. No. 2:22-cv-00251, 2022 WL 1606520, at *1 (D. Utah May 20, 2022); *Motion* [#13] at 5. The plaintiffs in *Brown* were victims of child pornography or conservators and next friends of those victims. *Id.* Some plaintiffs were minors, and others were adults. *Id.* The court granted their anonymity request, reasoning that "[c]hild pornography offenses implicate the same concerns as child sexual abuse offenses." *Id.* The court found preservation of anonymity appropriate, notwithstanding the fact that the plaintiffs were adults, because they continued to suffer psychological harm, including from the knowledge that their images remained available online. *Id.*

The cases relied upon by Plaintiffs are distinguishable in a key respect: Plaintiffs do not allege they were minors at the time of the alleged misconduct. Many courts have recognized that a sexual abuse victim's minor status easily constitutes an "exceptional circumstance" such that the victim's privacy interests outweigh the public's interest. *See U.S. Olympic Comm.*, 2019 WL 2992031, at *1 (collecting cases). Courts are less apt to apply this reasoning when the plaintiff is an adult at the time the alleged abuse occurred. *See Haskell Indian Nations Univ.*, 266 F. Supp. 3d at 1289 (denying adult sexual assault victim's request to proceed under pseudonym). For instance, in *H.A. v. Blue Valley Unified*

*School District 229*, the court expressly rejected an adult plaintiff's request to proceed anonymously in a case where she was sexually assaulted and harassed. No. 20-2559-JAR, 2020 WL 6559425, at *2 (D. Kan. Nov. 9, 2020). Another court reached the same conclusion, based on the same reasoning, in *Doe v. Weber State University*. No. 1:20-cv-00054-TC-DAO, 2021 WL 5042849 (D. Utah Oct. 29, 2021). There the court commented that the plaintiff's "allegations of sexual assault do not automatically constitute an exceptional circumstance" because she was an adult at the time of the misconduct. *Id*. at *4.

Ultimately, however, while a plaintiffs' adult status "weighs against anonymity . . . [it] is not dispositive." *Williams v. N.M. State Univ.*, 348 F.R.D. 694, 702 (D.N.M. 2025). The Court has identified a few cases where adult plaintiffs alleging sexual abuse were granted leave to proceed anonymously. In *Doe 1 v. Eastern New Mexico University Board of Regents*, the plaintiffs were student athletes between the ages of eighteen and twenty-one years old. *E. N.M. Univ. Bd. of Regents*, No. 23-cv-0362-GBW-JHR, 2024 WL 36060, at *3 (D.N.M. Jan. 3, 2024). They alleged they were physically and sexually abused by their athletic trainer, who was the husband of their coach. *Id.* at *1. Though recognizing those plaintiffs "[fell] on the younger end of the adult age range[,]" the court focused its analysis primarily on the power dynamics involved in that particular case, noting that such a dynamic "augment[s] [the case's] delicate nature, particularly so when the alleged abuser is a person who occupies a position of trust (trainer) and is enabled by a person holding a position of power (coach)." *Id.* at *3. In *Roe v. Minguela*, incarcerated female plaintiffs sued certain sheriff's deputies as a result of those deputies' offensive and sexually inappropriate conduct. No. 16-cv-02744-MSK-KMT, 2018 WL 4148261, at *1-2

(D. Colo. Aug. 30, 2018). The court initially rejected the plaintiffs' request to seal the entire case; however, the court granted the plaintiffs anonymity, finding that their privacy interests outweighed the public's interest in identifying them by name. *Id.* at *11. Importantly, the court noted, "[v]ictims of rape and other forms of sexual assault are often stigmatized in a manner that affects their educational, employment, and social prospects." *Id*. (citation omitted).

The Court finds that this case presents the unusual circumstance in which the Plaintiffs' privacy interests are so highly sensitive and personal in nature that anonymity is warranted. Like the court recognized in *E. N.M. Univ. Bd. of Regents*, this case also presents the unique situation where certain power dynamics are at play because Plaintiffs are female inmates who suffered abuse by someone in a position of power over them. As inmates, Plaintiffs were dependent on Defendants, particularly Defendant Aber, for basic needs, safety, and access to privileges, and could have been subject to discipline at Defendants' behest. That imbalance of power magnifies the vulnerability inherent in the alleged misconduct and distinguishes this case from others where there is no such dynamic. Publicly disclosing Plaintiffs' identities would risk compounding that vulnerability by exposing them to stigma, retaliation, or further harm, especially in light of the sexual nature of the allegations and the coercive custodial setting in which the conduct allegedly occurred. Therefore, the Court finds that Plaintiffs have adequately demonstrated this case involves matters of a highly sensitive and personal nature, thereby warranting anonymity.

### 2.     Whether Plaintiffs Would Continue to Incur Injury

In addition, Plaintiffs contend they suffered severe emotional distress, humiliation, and psychological trauma arising out of their sexual abuse. *Motion* [#13] at 6. They claim that disclosure of their identities would only exacerbate that psychological harm. *Id.* Plaintiffs further argue that La Plata County is a small, rural community, and Plaintiffs' public identification could further contribute to this harm. *Id.* at 6. In essence, Plaintiffs argue that they would continue to be injured if their identities are disclosed, which would also constitute an exceptional circumstance.

While "[t]he possibility of embarrassment does not qualify as an injury that can outweigh the presumption in favor of openness[,]" psychological harm itself "is sufficient to outweigh the public interest in disclosure." *See Galena Unified Sch. Dist. No. 499*, 2018 WL 3389878, at *2 (citing *Zavaras*, 139 F.3d at 803). However, courts recognize that allegations of psychological harm, without more, are insufficient to warrant anonymity. *See Blue Valley Sch. Dist. 229*, 2020 WL 6559425, at *2. For instance, in *Williams v. New Mexico State University*, the plaintiffs, who were victims of sexual harassment, sought to proceed in their lawsuit anonymously. 348 F.R.D. at 696-97. Among other things, they argued that the psychological harm caused by the abuse warranted anonymity, and disclosure of their identities would further exacerbate that harm. *Id.* at 703. To support that argument, the plaintiffs submitted evidence demonstrating the psychological harm, in addition to their detailed allegations. *Id.* at 700-01. Considering this in its analysis, that court ultimately granted the plaintiffs' request. *Id.* at 702. Conversely, in *C.S. v. EmberHope, Inc.*, the court rejected a plaintiff's conclusory statement that she would suffer further psychological harm absent anonymity. No. 19-2612-KHV, 2019 WL

6727102, at *2 (D. Kan. Dec. 11, 2019). In doing so, the court explained she "supplie[d] no particularized facts or 'evidentiary support for [her] claims [of emotional suffering] in conjunction with her motion to proceed by pseudonym.'" *Id.* at *2 (quoting *Haskell Indian Nations Univ.*, 266 F. Supp. 3d at 1289).

Here, Plaintiffs assert that La Plata County is a small rural county with a population of approximately 55,638 people. *Motion* [#13] at 6. They further intimate that disclosure of their identities would subject them to shame and ridicule, given that they lodge claims against Defendant Aber, who, as Commander of the La Plata County Jail, holds a position of significant influence in the community. *Id*. Therefore, the Court finds that Plaintiffs have met their burden of establishing continued injury if their identities were revealed at the pretrial stage of the suit. However, Plaintiffs are reminded that their identities will likely become known at the time of trial because the trial will likely be open to the public.

**B.     Other Considerations**

The Court must also consider "the public's interest in access to legal proceedings and prejudice to the defendant from allowing public anonymity." *Williams*, 348 F.R.D. at 703. Plaintiffs argue their privacy interests significantly outweigh any interest the public may have in these proceedings. *Motion* [#13] at 4. In addition, they argue that Defendants will suffer no prejudice if this Motion [#13] is granted. *Id.* The Court takes each argument in turn.

**1.     The Public's Interest**

"Identifying the parties to the proceeding is an important dimension of publicness" because "people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). The Tenth Circuit has

11

recognized "it is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246.

A clear public interest in this case exists. This case involves claims against the La Plata County Board of Commissioners, the Sheriff, and various Jail employees. Certainly, the public has an interest in understanding what alleged misconduct is occurring within their community and publicly funded jails. *See Geico Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at *6 (D. Kan. Sept. 30, 2021) (recognizing suits involving public figures may heighten the public's interest); *see also Roe v. Cath. Health Initiatives Colo.*, No. 11-cv-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012) (suit against a private rather than public employer lessened public interest). Plaintiffs' claims to relief also "clearly involves the use of public funds, and the public certainly has a valid interest in knowing how state revenues are spent." *Zavaras*, 139 F.3d at 803. Plaintiffs argue that anonymity would only impose a minor burden on the public's right to access because all filings will nonetheless remain open to public inspection. *See Motion* [#13] at 6-7. Indeed, courts recognize that pseudonymity "is the least imposition on the public's ability to view the case while accounting for Plaintiffs' privacy" as opposed to sealing entire proceedings. *E. N.M. Univ. Bd. of Regents*, 2024 WL 36060, at *5; *see also Minguela*, 2018 WL 4148261, at *11 (denying request to seal entire case but granting request for anonymity and noting that anonymity will be lifted if case proceeds to trial).

Plaintiffs also identify another public interest at stake: encouraging other incarcerated victims of sexual abuse to report sexual misconduct. *Motion* [#13] at 7. Historically, the denial of anonymity deters victims of sexual assault from coming forward, holding bad actors accountable, and vindicating their constitutional rights. Put differently,

publicly disclosing a victim's identity creates a deterrent effect. *Doe K.G. v. Pasadena Hosp. Ass'n, Ltd.*, No. 2:18-CV-08710-ODW, 2019 WL 1612828, at *1 (C.D. Cal. Apr. 15, 2019) ("[A]llowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes.").

The sexual allegations underlying this lawsuit are serious and appalling. Moreover, although Plaintiffs share the status of being female inmates, they come from diverse backgrounds and bring with them distinct personal histories, cultural contexts, and experiences with trauma, abuse, or marginalization. Public identification could have uneven and severe consequences for each Plaintiff, including damage to familial relationships, future employment prospects, or personal safety, both during incarceration and after release. Allowing Plaintiffs to proceed anonymously acknowledges these individualized risks while ensuring access to justice, and it does so without undermining the public's ability to understand the nature of the claims and the underlying misconduct. Moreover, if victims of sexual abuse know that pursuing legal action against their alleged wrongdoer will require them to publicly associate their names with deeply personal and traumatic experiences, many will choose silence over accountability. The Court finds that Plaintiffs' privacy interests outweigh the public's interest in open court proceedings.

### 2.     Prejudice to Defendants

The Court must also consider the prejudice to Defendants. Plaintiffs assert that Defendants will suffer no prejudice because they are already aware of Plaintiffs' identities. *Motion* [#13] at 7-8. Courts have recognized this sentiment. *Doe B.A. v. USD 102*, No. 18-2476-CM, 2019 WL 201741, at *3 (D. Kan. Jan. 15, 2019) (noting defendants would

13

not be prejudiced by plaintiff's continued anonymity because "they already know her identity"). Moreover, Defendants did not respond to the instant Motion [#13], which suggests that they either do not oppose or, at the very least, do not take a position on the Motion [#13].

Furthermore, rather than request to seal the entire case, Plaintiffs have opted for less-restrictive means by pursuing anonymity at this juncture. *Motion* [#13] at 7 n.4. They also indicate they are willing to file sealed notices on the docket, should Defendants be unaware of Plaintiffs' identities. *Id.* at 8; see *Farmington Municipal Schs.*, 2021 WL 1390777, at *2 (noting that defendants suffered no prejudice where they knew of plaintiff's name and would also "have access to a sealed notice that discloses her true identity"). The Court finds that Defendants' lack of response to the instant Motion [#13], in conjunction with Plaintiffs' readiness to accommodate Defendants, demonstrates minimal prejudice, if any, to Defendants. Accordingly, the Court finds that this factor weighs in favor of anonymity.

### IV.  Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED.** Plaintiffs may continue to remain anonymous in this litigation using their first and last initials during pretrial proceedings.

Dated: March 2, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge